# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DANIELLE LARKIN and MIA NEUSTEIN** individually and on behalf of all persons similarly situated, | **Civil Action No.:** |
| | **Complaint — Collective Action** |
| **Plaintiffs,** | **Jury Trial Demanded** |
| v. | |
| **UAB MEDICINE ENTERPRISE (f/k/a UAB HEALTH SYSTEM) and UAB HOSPITAL MANAGEMENT, LLC,** | |
| **Defendants.** | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Danielle Larkin and Mia Neustein (together, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Collective Action Complaint ("Complaint") against UAB Medicine Enterprise, f/k/a UAB Health System ("UAB Medicine") and UAB Hospital Management, LLC ("UAB Hospital") (together "Defendants") seeking all available remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). Plaintiffs assert their FLSA claims as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1. This action is brought on behalf of individuals who are current and former non-exempt nurses ("Nurses"), employed by Defendants to provide medical care and services to Defendants' patients, for Defendants' failure to pay for "off-the-clock work" and overtime in violation of the FLSA.

2. Defendants UAB Medicine and UAB Hospital operated as joint employers of Plaintiffs and other Nurses. Defendants collectively operate as essentially the same entity. UAB Medicine approves the policies, protocols, and guidelines for the Nurses, including without limitation, those related to work rules, timekeeping, and pay practices; UAB Hospital implements those policies, protocols, and guidelines for the Nurses. Both Defendants control and/or oversee the day-to-day work of the Nurses and the medical facilities at which they work.

## JURISDICTION AND VENUE

3. Pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, the Court has subject matter jurisdiction over Plaintiffs' FLSA claims. Pursuant to Fed. R. Civ. P. 4(k)(1)(A) and federal due process, the Court has general and specific personal jurisdiction over both Defendants. Both Defendants maintain continuous and systematic contacts with Alabama in employing the Nurses and operating the medical facilities at which they work. Moreover, both Defendants are organized under the laws of Alabama and have principal offices in Alabama.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendants reside in and conduct business in this Judicial District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within this Judicial District.

## PARTIES

5. Plaintiff Danielle Larkin is a citizen of Georgia and resides in Avondale Estates, Georgia. Plaintiff Larkin worked for Defendants as a Nurse in UAB Medicine's Gynecology & Oncology Unit from August 2019 to March 2020. Pursuant to 29 U.S.C. § 216(b), Plaintiff Larkin has consented to be a plaintiff in this action. *See* Ex. A.

6. Plaintiff Mia Neustein is a citizen of California and resides in Palm Springs, California. Plaintiff Neustein worked for Defendants first as a Nurse in UAB Medicine's Divisions

of General Medicine and Infectious Disease, and then at UAB Medicine's Gynecology & Oncology Unit from January 2018 to September 2020. Pursuant to 29 U.S.C. § 216(b), Plaintiff Neustein has consented to be a plaintiff in this action. *See* Ex. B.

7. Defendant UAB Medicine is a domestic non-profit corporation organized under the laws of Alabama and has principal offices located at 500 22nd Street South, Suite 408, Birmingham, Alabama. UAB Medicine owns and operates the hospitals, centers, primary and urgent care clinics, emergency rooms, specialty clinics, cancer clinics and other medical facilities, including but not limited to UAB Medicine's Gynecology & Oncology Unit housed at UAB Medicine's Women & Infants Center. UAB Medicine is the parent entity of UAB Hospital.

8. According to the University of Alabama Birmingham ("UAB") Handbook for Faculty and Staff ("Employee Handbook"), at 7-8: "UAB Medicine is composed of several leading organizations that promote our mission of research, teaching and clinical care. UAB Medicine includes UAB Health System Corporate Office, UAB Hospital, UAB Callahan Eye Hospital and the University of Alabama Health Services Foundation, which operates The Kirklin Clinic, a host of suburban clinics, and the physicians private practice plan. The UAB Hospital Management, LLC is a wholly owned Alabama limited liability company which has the UA Board as sole member. All new UAB Hospital employees are employed by the LLC."[1] Defendant UAB Hospital is a limited liability company organized under the laws of Alabama, and its principal offices are located at 1802 6th Ave. S, Birmingham, Alabama. Defendant UAB Hospital is a subsidiary of UAB Medicine. UAB Hospital was a direct employer of Plaintiffs and the other Nurses.

9. The unlawful acts alleged in this Complaint were committed by Defendants and/or

---

[1] *See* https://www.uab.edu/humanresources/home/policies/handbook (last accessed Feb. 5, 2023). As stated in the UAB Employee Handbook, "[a]ll policies apply to UAB Hospital Management (LLC) unless otherwise noted." *Id.* at 6.

their officers, agents, employees, or representatives, while actively engaged in the management and operation of Defendants' businesses and with the authorization of Defendants.

10. During times relevant, Plaintiffs were non-exempt employees of Defendants and covered by the FLSA.

11. Defendants are employers covered by the FLSA.

12. Defendants employ Nurses and other healthcare professionals in operating their hospitals and other medical facilities.

13. Defendants employ Nurses while Defendants are engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

14. Each of Defendants' annual gross revenues exceed $500,000.

## COLLECTIVE DEFINITION

15. Plaintiffs Larkin and Neustein bring Counts I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action, individually, and on behalf of the following collective:

> All current and former nurses, not exempt under the Fair Labor Standards Act, who were employed by UAB Medicine Enterprise, f/k/a UAB Health System and/or UAB Hospital Management, LLC in the United States during the applicable limitations period (the "FLSA Collective").

16. Plaintiffs reserve the right to redefine the Collective prior to notice or certification, and thereafter, as may be warranted or necessary.

## FACTS

### *Defendants are Joint Employers*

17. Defendant UAB Medicine touts itself as a "world class patient care" provider and "one of the top academic medical centers in the United States and Alabama's largest single-site

4

employer[.]"[2] UAB Medicine employs over 20,000 employees in its hospitals, numerous clinics, and other medical facilities for the University of Alabama at Birmingham ("UAB"). Reportedly, the UAB Health System includes UAB Hospital, UAB Hospital-Highlands, UAB Callahan Eye Hospital and management relationships with Medical West, Baptist Health Montgomery, Russell Medical, John Paul Jones, Whitfield Regional and Regional Medical Center of Central Alabama hospitals,[3] as well as clinics such as the Gynecology & Oncology Unit housed at the Women & Infants Center (located at 1700 6th Avenue South, Birmingham, Alabama), among others.[4]

18. Defendant UAB Medicine touts its Women & Infants Center as "a world-class health care facility dedicated solely to the care of women and infants. From surgical care to routine outpatient office visits, we offer complete care for mother and baby under one roof. The state-of-the-art facility offers a comfortable, family-friendly atmosphere and expert medical staff."[5]

19. Defendant UAB Medicine's web design and presentation is consistent across its main hospital, numerous clinics, and research centers. Prospective patients seeking UAB Medicine's medical services by navigating its website are not redirected to a separate website containing a different URL for the various hospitals, numerous clinics, and research centers. For example, UAB Medicine's Women & Infants Center location, services, is presented on UAB Medicine's website and includes tools for potential patients, such as a "Finds a Provider" tab,

---

[2] *See* https://www.uabmedicine.org/about (last visited Feb. 5, 2023).
[3] *See* https://www.uab.edu/news/health/item/12543-northwest-medical-center-joins-the-uab-health-system-changes-name-to-northwest-regional-health#:~:text=The%20UAB%20Health%20System%20includes,Center%20of%20Central%20Alabama%20hospitals (last visited Feb. 5, 2023).
[4] *See* https://www.uabmedicine.org/locations/uab-women-and-infants-center (last visited on Feb. 5, 2023).
[5] *See* https://www.uabmedicine.org/locations/uab-women-and-infants-center (last visited Feb. 5, 2023).

5

"Schedule an Appointment" tab, and directions to the location tab.[6]

20. Defendant UAB Hospital is listed as the organization of record on Plaintiffs' pay stubs.

21. Defendant UAB Hospital is a subsidiary of Defendant UAB Medicine, which managed the timekeeping records and processed the payroll for Plaintiffs and the other Nurses.

22. UAB has implemented the Hospital Kronos Timekeeping System for recordkeeping of time and attendance, vacation and sick days for non-exempt employees, including Nurses.[7]

23. UAB pays Nurses and other non-exempt employees on a biweekly payroll which occurs every other Friday based on the time recorded in the Hospital Kronos system.[8]

24. As explained in the UAB Employee Handbook, UAB's "Payroll Department is responsible for processing and distributing the monthly, biweekly, and extra payrolls. Payroll coordinates services such as mandatory and voluntary payroll deductions, direct deposit and salary verifications. Payroll Customer Service is available to assist employees with access to payroll and other personal information contained in the Oracle Self Service Applications."[9]

25. The department of Payroll Services is responsible for processing bi-weekly and monthly payrolls as well as reporting tax payments to federal, state and local agencies. They are also responsible for generating year-end W-2 withholding statements.[10]

---

[6] *See* https://www.uabmedicine.org/locations/uab-women-and-infants-center (last visited Feb. 5, 2023).

[7] The Kronos timekeeping system is a vendor service provided by UKG (Ultimate Kronos Group), the combined company of Ultimate Software and Kronos Incorporated. *See* https://www.ukg.com/about-us/newsroom/kronos-and-ultimate-software-unveil-plans-rebrand-ukg#:~:text=%E2%80%9COur%20new%20brand%2C%20UKG%2C,focusing%20on%20people%20at%20work (last visited Feb. 5, 2023).

[8] *See* https://www.uab.edu/financialaffairs/paying-me-as-the-employee (last visited Feb. 5, 2023).

[9] *See* https://www.uab.edu/humanresources/home/policies/handbook (last accessed Feb. 5, 2023).

[10] *See* https://www.uab.edu/financialaffairs/paying-me-as-the-employee (last visited Feb. 5, 2023).

26. UAB Medicine's Chief Network and Affiliates Officer, is "responsible for development and management of Statewide hospital and Affiliates network of UAB Medicine," which includes responsibilities for the "management of six acute care hospitals, an ACO, telehealth and other assigned corporate and affiliated operations." Mr. Lily has held that position since 2010.[11]

27. Belinda Singleton, PhD, MBA PHR PMP serves as UAB's Manager of Benefits and is responsible for "coordinating benefit policy and procedures across UAB and UAB Hospital Management, LLC."[12]

28. Other relevant payroll personnel include Tim McMinn, who serves the Senior Director of Payroll Operations & Resource Management for the UAB Health System,[13] and Jeff Walker, CPP, who serves as the Associate Director Payroll Services for the UAB Health System and is "[r]esponsible for payroll process for all employees of the UAB Health System," which "includes executive management and clinical hospital employees."[14]

29. UAB's Office of Personnel Support Services also assists "in the management of payroll time recording, position control, and I.D. badge production.[15]

### *The Nature of Work Rendered by Plaintiffs and Other Nurses*

30. The nature of the work performed by Nurses involves medical support and may include, for example: checking vital signs; performing head-to-toe assessments; administering medication as ordered by patients' doctors; providing medical care to patients; transporting patients to get CT scans and X-rays; preparing patients for exams and treatments; monitoring patients for

---

[11] *See* https://www.linkedin.com/in/don-lilly-0822872a/ (last visited Feb. 5, 2023).
[12] *See* https://www.linkedin.com/in/belinda1/ (last visited Feb. 5, 2023).
[13] *See* https://www.linkedin.com/in/tim-mcminn-98350722/ (last visited Feb. 5, 2023).
[14] *See* https://www.linkedin.com/in/jeff-walker-cpp-1621b742/ (last visited Feb. 5, 2023).
[15] *See* https://www.uab.edu/humanresources/home/images/HRGeneral/17868-You-and-UAB-Handbook_8-21-17.pdf, at 37 (last visited Feb. 5, 2023).

side-effects and reactions from various treatments and medications; going on hourly rounds to address pain management; bodily waste elimination needs; offering nourishment; and ensuring applicable musculoskeletal needs are met, such as ambulation, range of motion, or proper positioning.

31. During her employment by Defendants, Plaintiff Larkin typically worked at least three (3) twelve and a half (12.5) hour night shifts that began at 7:00 p.m. and ended at 7:30 a.m. the following day, during each workweek.

32. During portions of her employment by Defendants, Plaintiff Neustein typically worked at least three (3) twelve and a half (12.5) hour day shifts that began at 7:30 a.m. and ended at 8:00 p.m. the same day, during each workweek.

33. During the portions of time Plaintiff Neustein did not work three (3) twelve and a half (12.5) hour shifts, she worked two (2) twelve and a half (12.5) hour day shifts that began at 7:30 a.m. and ended at 8:00 p.m. the same day, during each workweek.

34. Defendants suffered from a high employee turnover rate and was constantly understaffed, which required Defendants UAB Medicine and UAB Hospital to hire recent nursing graduates with less than a year of experience. The chronic understaffing also required Plaintiffs and other Nurses to work additional/overtime shifts every two to three weeks. Such additional shifts usually resulted in workweeks of more than forty (40) hours, which required overtime compensation. Plaintiffs observed other Nurses working similar overtime hours.

35. Additionally, Plaintiffs rarely left their shift at the time that Defendants scheduled for them to leave, and often stayed late to give report, finish tasks, or assist night shift with medical emergencies.

36. Defendants UAB Medicine and UAB Hospital purport to have a policy that requires

Nurses to clock-out for a thirty (30) minute meal break. Due to UAB's chronic understaffing and volume of work, Nurses were routinely forced to work through their meal break but were not paid because the (30) minute break was automatically deducted irrespective as to whether Nurses took their breaks. Plaintiffs were unable to take short rest breaks throughout their workday in order to meet Defendants' work expectations. Plaintiffs were subject to this treatment and observed that other Nurses also routinely worked through their meal break and were not paid.

### *Defendants Failed to Pay Nurses Properly*

37. The FLSA requires an employer, such as Defendants UAB Medicine and UAB Hospital, to compensate employees for hours worked in excess of forty (40) hours "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

38. Defendants UAB Medicine and UAB Hospital did not pay Plaintiffs or other Nurses for all hours worked in excess of forty (40) hours in a workweek and did not pay proper overtime premiums.

39. Plaintiffs and other Nurses were often not provided meal breaks. Accordingly, Plaintiffs and other Nurses routinely worked through meal breaks without proper compensation. Defendants UAB Medicine and UAB Hospital were not only aware of and permitted this practice, but the work schedules and conditions imposed by Defendants effectively required this practice.

40. Whether or not the meal break was taken, Defendants' timekeeping system, Kronos, automatically deducted a thirty (30) minute break from their paychecks. Plaintiffs observed that other Nurses were also subject to the same practice.

41. Defendants UAB Medicine and UAB Hospital were aware that Plaintiffs and other Nurses were not compensated properly for working through their breaks.

42. Defendants UAB Medicine and UAB Hospital did not accurately record and track

all of the hours worked by Plaintiffs and other Nurses and therefore failed to compensate Plaintiffs and the putative collective members at one and one-half (1½) times the regular rate of pay for hours worked over forty (40) hours in a workweek.

43. Plaintiffs and other Nurses were not paid for all hours worked and were not paid overtime, as required by law.

44. Defendants UAB Medicine and UAB Hospital knew, or absent their own recklessness should have known, that the Nurses were entitled to compensation for all time worked and for the resulting overtime premiums.

45. UAB's Employee Handbook (at § 4.6, Timekeeping) contends that "[t]ime records are the basic source of information for payroll purposes; therefore, time worked must be recorded accurately."[16] The Handbook cautions that "[f]alsification of time records is a serious violation of UAB policy and can result in immediate discharge" and specifies that "[t]ime records should be checked by supervisors or department/unit heads for accuracy." *Id.*

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

46. Plaintiffs Larkin and Neustein bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the FLSA Collective.

47. Plaintiffs and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid for all hours worked and were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts,

---

[16] *See* https://www.uab.edu/humanresources/home/images/HRGeneral/17868-You-and-UAB-Handbook_8-21-17.pdf, at 19 (last visited Feb. 5, 2023).

including, *inter alia*, the work rules, timekeeping and payroll practices that were implemented and used by UAB Medicine and UAB Hospital.

48. The similarly situated employees are known to Defendants UAB Medicine and UAB Hospital and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies that are used by Defendants.

49. Defendants UAB Medicine and UAB Hospital employ many FLSA Collective members in Alabama, and specifically, in the Birmingham area. These similarly situated employees may be readily notified of the instant litigation through direct means, such as U.S. mail, email, text, and/or other appropriate means, and should be allowed to opt into this litigation pursuant to 29 U.S.C. § 216(b), so that their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA may be efficiently adjudicated in a single action.

## COUNT I
## Violation of the FLSA
## (On Behalf of Plaintiffs and the FLSA Collective)

50. Paragraphs 1 to 59 are incorporated as though fully set forth herein.

51. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which they are employed. *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.112.

52. Defendants UAB Medicine and UAB Hospital are subject to the wage payment requirements of the FLSA because they are each an "employer" under 29 U.S.C. § 203(d).

53. During all relevant times, Plaintiffs and the other members of the FLSA Collective were covered employees entitled to the above-described protections under the FLSA. *See* 29 U.S.C. § 203(e).

54. Plaintiffs and FLSA Collective members are not exempt from the requirements of the FLSA.

55. Plaintiffs and FLSA Collective members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

56. Defendants UAB Medicine and UAB Hospital willfully failed to properly compensate Plaintiffs and FLSA Collective members for all hours worked when they worked in excess of forty (40) hours per week and failed to pay proper overtime premiums at a rate of one and one-half (1½) times their regular hourly wage, in violation of 29 U.S.C. § 207(a)(1).

57. Defendants UAB Medicine and UAB Hospital also failed to create, keep, and preserve accurate records with respect to work performed by the Plaintiffs and FLSA Collective members sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

58. In violating the FLSA, Defendants UAB Medicine and UAB Hospital acted willfully and with reckless disregard of applicable FLSA overtime provisions.

59. Among other things, Defendants UAB Medicine and UAB Hospital were aware of their obligations under the FLSA by virtue of their own statements in the UAB Employee Handbook (at 27):

> [T]he FLSA requires overtime pay at a rate of one and one-half times an employee's regular rate of pay after 40 hours of work in a work week of seven consecutive days (168 hours). For purposes of the FLSA, UAB is considered one employer regardless of where on campus an employee works. Consequently, all hours are considered for pay calculation and if overtime payment is due.[17]

60. Accordingly, Plaintiffs and the FLSA Collective are entitled to liquidated and other

---

[17] *See* https://www.uab.edu/humanresources/home/policies/handbook (last accessed Feb. 5, 2023).

damages for the unpaid overtime wages, as well as attorney's fees, expenses, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the FLSA Collective;

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

c. Back pay damages (including unpaid overtime and other compensation) as may be owed and prejudgment interest to the fullest extent permitted under the law;

d. Liquidated damages to the fullest extent permitted under the law;

e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Dated: February 6th, 2023.

Respectfully submitted,

M. Clay Ragsdale (ASB-0594-E28M)
Allison L. Riley (ASB-0308-A62R)
**RAGSDALE LLC**
517 Beacon Parkway W.
Birmingham, AL 35209
Tel.: 205-290-6800
clay@ragsdalellc.com
allison@ragsdalellc.com

Camille Fundora Rodriguez*
Lane L. Vines*
Reginald Streater*

13

**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
crodriguez@bm.net
lvines@bm.net
rstreater@bm.net

*Attorneys for Plaintiffs and the Proposed Collective*

\* *Pro hac vice motion forthcoming*

14