# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DANIELLE LARKIN and ) <br> MIA NEUSTEIN individually and on ) <br> on behalf of all persons similarly situated ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UAB MEDICINE ENTERPRISE ) <br> (f/k/a UAB HEALTH SYSTEM) and ) <br> UAB HOSPITAL MANAGEMENT, LLC ) <br> ) <br> Defendants. ) | Civil Action No.: <br> No. 2:23-cv-00142-AMM |

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendants UAB Medicine Enterprise and UAB Hospital Management, LLC ("UAB Hospital Management") hereby reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss.

## ARGUMENT

### I. DEFENDANTS' 12(B)(1) MOTION TO DISMISS IS PROPERLY RAISED AND SHOULD BE GRANTED.

#### a. Defendants' Motion To Dismiss Is A Factual Jurisdictional Challenge, Not Limited To The Four Corners Of The Pleadings.

Plaintiffs include the formulaic recitations of the standards for a 12(b)(6) motion to dismiss, including that the Court should accept the allegations in the

1

complaint as true. (Doc. 29, pp. 4-5). This argument is misplaced, however, with respect to the Eleventh Amendment immunity shielding UAB Hospital Management from suit. As Defendants state in their initial Motion to Dismiss, the argument that UAB Hospital Management is immune to suit is treated as a motion filed pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 25, p. 4). *See also Black v. Wingington*, 811 F.3d 1259, 1270 (11th Cir. 2016).

Challenges under Fed. R. Civ. P. 12(b)(1) allow for the consideration of matters outside the pleadings, such as testimony and affidavits. *Irina Chevaldina v. Katz*, 2022 U.S. App. LEXIS 18792 at *3-*4 (11th Cir. 2022) (*citing Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). Factual attacks differ greatly from motions to dismiss under Fed. R. Civ. P. 12(b)(6).

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the <u>plaintiff will have the burden of proof that jurisdiction does in fact exist</u>.

*Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977) (emphasis added) (footnote omitted), *quoted in Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981), *and Chatham Condominium Ass'ns v. Century Village, Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979).

In its analysis of Defendants' Fed. R. Civ. P. 12(b)(1) Motion to Dismiss UAB Hospital Management, this Court may properly consider the evidence Defendants presented, any other judicially noticeable facts, and documents upon which Plaintiffs have incorporated by reference or reliance.

### b. **Defendants Properly Raise Eleventh Amendment Immunity.**

Eleventh Amendment challenges are a limitation on the federal court's judicial power and therefore may be raised at any stage of the proceedings. *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998) (*citing Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997) *and Patsy v. Bd. of Regents of Fla.*, 457 U.S. 515 (1982)). When jurisdiction and the merits of the claims are "intertwined," courts may defer jurisdictional challenges until after discovery; that is not the case here, however. *See Garcia v. Copenhaver, Bell & Assocs.*, *M.D.'s, P.A.*, 104 F.3d 1256, 1262 (11th Cir. 1997) (jurisdiction and merits intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief). "Intertwining" occurs when the same facts used to determine jurisdictional questions are determinative of the elements of Plaintiffs' claims, *id.*, a scenario inapplicable to the instant action.

In *Garcia*, as well as in Plaintiffs' cited case *Bautista v. Fantasia Enters., Inc.*, No. 13-cv-61218, 2013 U.S. Dist. LEXIS 198760 at *4 (S.D. Fla. July 29, 2013),

3

defendants' motions to dismiss argued that because the *statute giving rise to the claim did not apply* to defendants, the court lacked subject matter jurisdiction. *Garcia*, 104 F.3d at 1262 (defendant was not employer, so ADEA did not apply); *Bautista*, 2013 U.S. Dist. LEXIS 198760 at *4 (defendant did not gross over $500,000 annually, so FLSA did not apply). Here, UAB Hospital Management does not contend it is not an FLSA employer. Instead, Defendants argue that this Court lacks subject matter jurisdiction over UAB Hospital Management as an arm of the state—a purely jurisdictional argument reliant on no facts determinative of the merits. The FLSA governs the merits, while the Eleventh Amendment governs jurisdiction. In the absence of "intertwined" jurisdiction and the merits, this Court should consider Defendants' sovereign immunity arguments now.

  c. **UAB Hospital Management Is an Arm of the State.**

Plaintiffs propose an unworkable and unsupported distinction between governmental and proprietary functions that would render no governmental entity immune in any employment-related dispute. (Doc 29 at pp. 6-7). Such proposal should be disregarded.

  i. **UAB Hospital Management Satisfies the *Manders* Test.**

For Eleventh Amendment immunity to apply, a Defendant need not be labeled a "state officer" but instead need only be acting as an "arm of the state," including

agents of the state. *Manders*, 338 F.3d at 1308. *Manders* identifies four factors for determining whether an entity is an "arm of the state." *Id.* While no single factor is determinative, recent authority has described the first factor as the most important. *Ross v. Jefferson County Department of Health*, 701 F.3d 655 (11th Cir. 2012); *Versiglio v. Bd. of Dental Examiners of Alabama*, 686 F.3d 1290, 1292 (11th Cir. 2012). The *Manders* factors are addressed here.

1. <u>How state law defines the entity.</u>

Sovereign immunity under state law is a relevant and significant factor in Eleventh Amendment immunity analysis. *Walker v. Jefferson County Board of Education*, 771 F.3d 748, 754-55 (11th Cir. 2014). The Supreme Court of Alabama considers its universities to be instrumentalities of the state entitled to immunity. *See Ex Parte Jacksonville State Univ.*, 40 So. 3d 672, 674 (Ala. 2009). "The operation of a hospital by a state university falls within the realm of sovereign immunity." *Liberty Nat'l Life Ins. Co. v. Univ. of Ala. Health Srvcs. Found., P.C.*, 881 So. 2d 1013, 1023 (Ala. 2003). It would be an "incongruous result" to have an entity be "immune from suit under state law but not federal law." *Ross*, 701 F.3d at 659; *Versiglio*, 686 F.3d at 1292.

In *Liberty Nat'l*, the Court determined that UAB Hospital was immune from suit as an alter ego of The Board of Trustees of the University of Alabama (the

"Board"). *Id.* at 1027-28. Similarly, UAB Hospital Management (a subsidiary of UAB, an operating division of the Board), the sole member of which is the Board, is entitled to the same alter-ego immunity. *See* Certificate of Formation of UAB Hospital Management, LLC ¶ 5, attached as Exhibit "A".

    2. <u>What degree of control the State maintains over the entity.</u>

UAB Hospital Management is exclusively operated by the Board as part of the Board's administration of the University (and by extension, University Hospital). Not only is the sole member of UAB Hospital Management the Board, but the sole manager of UAB Hospital Management is the President of the University of Alabama at Birmingham, who is selected by the Board and whose powers are defined by the Board. *See id.*

> The board of trustees has the power to appoint . . . such other officers as the interest of the university may require; to remove such . . . officers, and to fix their salaries or compensation, and increase or reduce the same at their discretion; . . . delegate to the . . . other officers[] such powers and functions in the . . . administration of the affairs of the university as it may deem proper[.]

Ala. Code. § 16-47-34.

The Board, as an arm of the state, controls the functions of determining the terms and conditions of the nurses' employment as alleged in the Complaint. *Ross*, 701 F.3d at 660.

    3. <u>Where the entity derives its funds.</u>

Plaintiffs argue that because UAB Hospital Management is an LLC, its existence is separate from the state treasury. (Doc. 29, p.8). Plaintiffs fail to apply the same principle to UAB Hospital Management and the hospital's operating revenue. Indeed, hospital revenues are not the source of UAB Hospital Management's funds. (Doc. 25-1, ¶¶ 8-13). UAB Hospital Management's funds come directly from UAB's budget appropriations—money supervised by the Board and a budget approved by the Alabama state legislature. *Id.* at ¶¶ 9-10.

Regardless, even if UAB Hospital Management were receiving hospital revenue directly, the fact that the Board and state legislature provide oversight and authorize the collection of revenue renders that revenue "state funds" for the purpose of immunity analysis. *Nichols v. Ala. State Bar*, 2015 U.S. Dist. LEXIS 79750, *5-*6, *8 (N.D. Ala. June 19, 2015) (state bar authorized to collect its own revenue, but subject to supervision of Alabama Department of Finance) (*citing Miccosukee Tribe of Indians v. Florida State Ath. Comm'n*, 226 F.3d 1226, 1233 (11th Cir. 2000) (same, for state athletic commission)).[1] The Alabama legislature provides appropriations to UAB for nursing and professional services' salary and wages of

---

[1] *Wilkinson v. Bd. of Dental Examiners*, 102 So. 3d 368, 382 (Ala. 2012) (same, for Bd. of Dental Examiners); *Mooneyham v. State Bd. of Chiropractic Exam'rs*, 208 So. 2d 200, 204 (Ala. 2001) (same, for Bd. of Chiropractic Examiners)). *Wilkinson* also supports the characterization of the revenues as "state funds" even if they never pass through the State General Fund. "The legislature may not avoid constitutional restrictions on its authority to appropriate state funds by 'diverting' such funds from the General Fund before they are received by the General Fund." (quotations omitted).

hospital employees in its annual budget. *See State of Alabama Executive Budget Fiscal Year 2022*, p.323.[2] The state's control of UAB Hospital Management's fiscal life renders the entity an arm of the state, regardless of whether UAB collects hospital revenues and re-appropriates them to UAB Hospital Management; the state oversees and approves this process. *Miccosukee*, 226 F.3d at 1233.

4. <u>Who is responsible for judgments against the entity.</u>

The focus of the responsibility-for-judgment element is on "potential legal liability" and the "risk of adverse judgments," as opposed to requiring that state funds actually pay the judgment. *Manders*, 338 F.3d at 1325 (*discussing Regents of the University of California v. Doe*, 519 U.S. 425, 430-31 (1997)). Thus, the Eleventh Amendment protects the State from the risk of adverse judgments even though the State may be indemnified by a third party, and it is the entity's potential legal liability, rather than its ability or inability to require a third party to reimburse it, or to discharge the liability in the first instance, that is relevant. *Id.*

Here, the fact that the UAB Hospital Management could arguably seek contribution from hospital operating revenue[3] is irrelevant. Because 100% of UAB Hospital Management's operating funds are from UAB and appropriations of the

---

[2] https://budget.alabama.gov/wp-content/uploads/2021/03/FINAL-State-of-Alabama-Budget-Document-FY22.pdf
[3] Which, as discussed on p. 8, n.1 of this Reply, are state funds regardless. *Wilkinson*, 102 So. 3d at 382.

state budget, this element supports a finding of agency status. *Nichols*, 2015 U.S. Dist. LEXIS 79750, *8-*9.

### ii. The Use of an LLC Does Not Change the Character of UAB Hospital Management's Government Function.

Plaintiffs' argument that UAB Hospital Management is the same as University of Alabama Health Services Foundation ("HSF") as an "entit[y] separate and distinct from UAB Hospital" and therefore not protected by sovereign immunity is incorrect and unavailing. (Doc. 29, p.14.) (*citing Liberty Nat. Life Ins. Co. v. Univ. of Alabama Health Servs. Found., P.C.*, 881 So. 2d 1013, 1028 (Ala. 2003)). HSF is, indeed, an entity separate and distinct from the University at large—it provides clinical physician services at UAB Hospital.[4] Unlike UAB Hospital Management, the majority of HSF's directors are neither appointed by the Board, members of the Board, or employees of the Board. UAB Hospital Management is exclusively controlled by the Board, and thus is *not* a separate entity for the purposes of Eleventh Amendment immunity analysis; UAB Hospital Management is instead an "arm or

---

[4] UAHSF's 2021 IRS 990 Audit (findable by searching Auditee EIN 630649108 / FY 2021 on https://facdissem.census.gov): "University of Alabama Health Services Foundation, P.C. (the Foundation) is a not-for-profit organization that was created to coordinate and deliver patient care in a group practice setting within the academic environment of The University of Alabama at Birmingham (UAB). . . . The Foundation and the University of Alabama System Board of Trustees, acting through UAB, entered into an agreement . . . (the Joint Operating Agreement). Under the terms of the agreement, the Foundation and UAB established the UAB Health System (the Health System) to provide common management for their existing health care delivery operations and any future health care delivery operations. The Foundation, the UAB School of Medicine, University Hospital, and the Health System are collectively referred to as 'UAB Medicine.'"

alter ego of the State." *See, e.g., Ala. Space Sci. Exhibit Comm'n v. Odysseia Co., Ltd.,* No. 5:14-cv-00413-MHH, 2016 U.S. Dist. LEXIS 110621 at *3-*4 (N.D. Ala. August 19, 2016).

Unlike HSF and as more fully detailed in Defendants' principal brief, UAB Hospital Management's sole member is the Board and the structure of UAB Hospital Management is nearly identical to an LLC referenced in *USA Hosps. v. Kemp*, No. 15-0332-WS-M, 2016 U.S. Dist. LEXIS 54683, *3 (S.D. Ala. Apr. 25, 2016). In *Kemp*, Chief Judge Steele disregarded an argument that the creation of an LLC removed that entity from immunity protections. As Judge Steele stated, "[t]he defendant's central argument is that, by creating and funding a limited liability company to conduct most of its 'management, operations, and employment affairs,' the plaintiff 'changed its character as separate and distinct from the State and extended itself beyond its alter-ego status.' The only member of the LLC, however, is the University itself, so its creation could not have divorced the plaintiff from the University." *Id.* The same logic applies here; UAB Hospital Management is an alter-ego of the state, entitled to immunity.

### iii.  <u>UAB Hospital Management is an Arm of the State.</u>

While *Manders* is a multi-factor balancing test wherein no single element is determinative, all four of the relevant factors support a finding that Defendant UAB

Hospital Management is entitled to immunity under the Eleventh Amendment, and thus the entity is due to be dismissed. *Manders*, 338 F.3d at 1308.

## II. **PLAINTIFFS FAIL TO ALLEGE A JOINT EMPLOYER RELATIONSHIP BETWEEN DEFENDANTS.**

Throughout their Complaint and Response to Defendants' Motion to Dismiss, Plaintiffs incorrectly attribute the actions, relationships, and finances of UAB and UAB Hospital to UAB Medicine Enterprise. Plaintiffs' filings and exhibits show that UAB or UAB Hospital performs each role Plaintiffs attribute to UAB Medicine Enterprise. Because their own exhibits contradict their factual allegations, Plaintiffs have not sufficiently alleged that *UAB Medicine Enterprise* was a joint employer. Therefore, Plaintiffs have not stated a claim for which relief can be granted.

### a. **This Court Can Consider Judicially Noticeable Facts And Documents Relied Upon By Plaintiffs.**

Because Plaintiffs have relied on documents and web pages to support their claims, this Court can review those documents and web pages to determine if they say what Plaintiffs allege they do. The Court need not give the traditional Fed. R. Civ. P. 12(b)(6) deference to any alleged facts contradicted by Plaintiffs' own supporting documents. *Charles v. Underhill Staffing Health Serv.*, 2021 U.S. Dist. LEXIS 42332 at *42-*43 (M.D. Fla. Jan. 29, 2021) ("Besides the complaint allegations, a court may consider a judicially noticed fact and, if there is no challenge

11

to authenticity, a document central to a claim by the plaintiff.") (*citing U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015)).

Similarly, the court may judicially notice a fact "at any stage of a case and on its own" if the fact "cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)-(d). Judicial notice of state agency records generally is appropriate. *Dimanche v. Brown*, 783 F.3d 1204, 1213 & n.1 (11th Cir. 2015) (judicially noticing facts in a state agency's statistical report); *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (judicial notice of state court documents to decide a Rule 12(b)(6) motion).

### b. **Plaintiffs Conflate Unrelated Entities with UAB Medicine Enterprise.**

Plaintiffs continually and erroneously attribute anything under the brand name "UAB Medicine" to Defendant UAB Medicine Enterprise. (Doc. 29, pp. 3, 10-11, 13). "UAB Medicine" is a brand name (not a legal entity) and umbrella for all entities operating in the business of providing medical care or hospital administration on the UAB Hospital premises and is *not* the same as the legal entity

"UAB Medicine Enterprise." (Doc. 29-1, pp.7-8).[5] For example, HSF states in their 2021 IRS 990 Audit (see p.10 n. 4) that the Health System (referring to Defendant UAB Medicine Enterprise) is but one entity under "UAB Medicine" umbrella, and not a synonym therefor.

### c. **Plaintiffs Have Not Properly Pled That *UAB Medicine Enterprise* Jointly Employed Nurses.**

Plaintiffs allege that Defendant UAB Medicine Enterprise jointly employed Defendant UAB Hospital Management's nurses, but every document on which they rely shows otherwise. The UAB Employee Handbook referenced in Doc. 1, ¶ 8 (and excerpts of which are submitted as Doc. 29-1) demonstrates that Defendant UAB Hospital Management shares policies with *the University itself* (an operating division of the Board), not Defendant UAB Medicine Enterprise. UAB Hospital Management, through its Chief Nursing Officer, exerts some control over all nurses operating within the hospital, but these nurses, if not UAB Hospital Management employees, are employed by *the University itself*, not UAB Medicine Enterprise. Doc. 25-2, ¶ 4. The financial statement submitted by Plaintiffs as Doc. 29-3 is,

---

[5] While Plaintiffs provide a PDF of selected pages of the Exhibits upon which they rely in their Response, they link to the complete handbook, which Defendants now reference for page numbers: https://www.uab.edu/humanresources/home/policies/handbook. *See* Doc. 29, p. i.

again, a financial statement of *the University itself*, not of Defendant UAB Medicine Enterprise. (Doc. 29-3, p. 3).

The general deference to non-movants also does not extend to mischaracterizations by the non-movant of documents or of judicially noticeable facts. *Charles v. Underhill Staffing Health Serv.*, 2021 U.S. Dist. LEXIS 42332 at *42-*43 (M.D. Fla. Jan. 29, 2021) (*citing U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015)). The documents Plaintiffs have produced represent the stake of the University of Alabama at Birmingham, not Defendant UAB Medicine Enterprise. This Court therefore can safely rule that Plaintiffs have not properly pled that Defendant UAB Medicine Enterprise is a joint employer.[6]

### III. CONCLUSION

Based on the foregoing, all claims against both Defendants are due to be dismissed. The Court lacks jurisdiction over Defendant UAB Hospital Management because Eleventh Amendment immunity applies. Based on the documents Plaintiffs themselves present to the Court and facts of which the Court may properly take judicial notice, claims against UAB Medicine Enterprise fail to state a claim for which relief may be granted. All claims against both UAB Hospital Management

---

[6] After citing the UAB Handbook for Faculty and Staff, Plaintiffs misleadingly use an "*id.*" citation for the proposition that "UAB Medicine 'approves the policies, protocols, and guidelines for the Nurses, including without limitation, those related to work rules, timekeeping, and pay practices . . .." (Doc. 29 p. 3). This information comes *not* from the UAB Handbook, but from Plaintiffs' own unsupported and incorrect Complaint assertions.

and UAB Medicine Enterprise must be dismissed. Further, proceedings in this matter should be stayed pending the resolution of this Motion.

Respectfully submitted this 30th day of May, 2023.

/s/ *Lynlee Wells Palmer*
Lynlee Wells Palmer (ASB-4367-T82P)
Lynlee.Palmer@jacksonlewis.com

**JACKSON LEWIS P.C.**
Synovus Center
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama 35209
Phone: 205-332-3096
Facsimile: 205-332-3131

Eric R. Magnus (Admitted *Pro Hac Vice*)
Eric.Magnus@jacksonlewis.com
Andrew C. Salman (Admitted *Pro Hac Vice*)
Andrew.Salman@jacksonlewis.com

**JACKSON LEWIS P.C.**
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
Phone: 404-525-8200
Facsimile: 404-525-1173

***ATTORNEYS FOR DEFENDANTS***

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

M. Clay Rasdale, Esq.
Allison L. Riley, Esq.
**RAGSDALE, LLC**
517 Beacon Parkway West
Birmingham, AL 35209
Phone: (205) 290-6800
clay@ragsdalellc.com
allison@ragsdalellc.com

Camille Fundora Roadriguez, Esq.
Lane L. Vines, Esq.
Reginald Streater, Esq.
**BERGER MONTAGUE, PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000
croadriguez@bm.net
lvines@bm.net
rstreater@bm.net

                                */s/ Lynlee Wells Palmer*
                                Attorney for Defendants