UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIELLE LARKIN and ) <br> MIA NEUSTEIN individually and on ) <br> on behalf of all persons similarly situated ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UAB MEDICINE ENTERPRISE ) <br> (f/k/a UAB HEALTH SYSTEM) and ) <br> UAB HOSPITAL MANAGEMENT, LLC ) <br> ) <br> Defendants. ) | Civil Action No.: <br> 2:23-cv-00142-AMM |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

Defendants UAB Medicine Enterprise and UAB Hospital Management, LLC ("UAB Hospital Management") (together, "Defendants"), by and through their undersigned counsel, submit this Answer to Plaintiffs Danielle Larkin and Mia Neustein's ("Plaintiffs") Collective Action Complaint ("Complaint").

## INTRODUCTION

1. Defendants acknowledge that Plaintiffs bring this case as a collective action to recover allegedly unpaid wages and other damages from Defendants. Defendants deny that Plaintiffs are entitled to proceed on behalf of a collective and

deny that Plaintiffs or any other putative collective member are entitled to any remedies from Defendants.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendants admit that both are organized under the laws of Alabama and have principal offices in Alabama. Defendants deny the remaining allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5. Defendants lack knowledge regarding the allegations contained in the first sentence of Paragraph 5 of the Complaint regarding Larkin's residence. Defendants deny the second sentence of Paragraph 5 of the Complaint. Defendants admit the third sentence of Paragraph 5 regarding Larkin's consent.

6. Defendants lack knowledge regarding the allegations contained in the first sentence of Paragraph 6 of the Complaint regarding Neustein's residence. Defendants deny the second sentence of Paragraph 6 of the Complaint. Defendants admit the third sentence of Paragraph 6 regarding Neustein's consent.

7. Defendants admit the allegations contained in the first sentence of Paragraph 7 of the Complaint regarding Defendant UAB Medicine Enterprise's corporate form and principal office. Defendants deny the remaining allegations of Paragraph 7.

8. Defendants admit the allegations contained in the first sentence of Paragraph 8 of the Complaint regarding the quotation from the UAB Handbook for Faculty and Staff. Defendants admit that UAB Hospital Management is a limited liability company organized under the laws of Alabama. Defendants deny that UAB Hospital Management's principal offices are located at 1802 6th Ave. S, Birmingham Alabama. Defendants deny that UAB Hospital Management is a subsidiary of UAB Medicine Enterprise. Defendants admit that UAB Hospital Management was a direct employer of Plaintiffs and other Nurses.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

## COLLECTIVE DEFINITION

15. Defendants acknowledge that Plaintiffs purport to bring this case as a collective action on behalf of the described collective. Defendants deny that Plaintiffs satisfy the requirements to do so.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

## FACTS

### *Defendants are Joint Employers*

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in Paragraph 29 of the Complaint.

### *The Nature of Work Rendered by Plaintiffs and Other Nurses*

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

### *Defendants Failed to Pay Nurses Properly*

37. Defendants acknowledge that Plaintiffs recite the law regarding overtime pay under the FLSA in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants admit the allegations contained in Paragraph 45 of the Complaint, but aver that such document ceased to be current or effective as of May 2023.

**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

46. Defendants admit that Plaintiffs purport to bring this lawsuit as a collective action, but deny that Plaintiffs satisfy the requirements to do so.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

## COUNT I
## Violation of the FLSA
## (On Behalf of Plaintiffs and the FLSA Collective)

50. Defendants incorporate their responses to paragraphs 1 to 49 as if fully set forth herein.

51. Defendants acknowledge that Paragraph 51 of the Complaint recites the law under the FLSA with respect to overtime pay.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants admit the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants admit that the quotation from the UAB Employee Handbook is an accurate quotation, but deny the remaining allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief requested in this section. The allegations in this section require neither an admission or denial by Defendants. To the extent, however, the prayer gives rise to any inference such relief is proper or that Plaintiffs is entitled to any remedy or relief from Defendants, such inference is denied.

## FURTHER DENIAL AND DEFENSES

Defendants further respond to Plaintiffs' Complaint by stating that any allegation not specifically admitted herein is denied and, without assuming any burden of proof that would otherwise rest with Plaintiffs, Defendants states the following further defenses. In asserting these defenses, Defendants do not assume

the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiffs.

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims, and the claims of any individuals on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands because of the conduct of Plaintiffs and the individuals on whose behalf Plaintiffs seek to assert a claim under the FLSA.

## THIRD DEFENSE

Plaintiffs may not maintain this action as a collective action, pursuant to 29 U.S.C. § 216(b), because Plaintiffs are not similarly situated to any other current or former employee of Defendants for purposes of the allegations and claims made in this lawsuit.

## FOURTH DEFENSE

Plaintiffs' claims, and the claims of any other person on whole behalf Plaintiffs seek to assert a claim under the FLSA, are barred in whole or in part to the extent they fail to comport with applicable statutes of limitations.

**FIFTH DEFENSE**

Plaintiffs, and the individuals on whose behalf Plaintiffs seek to assert a claim under the FLSA, are estopped from pursuing the claims set forth in the Complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, their failure to accurately record and report their time as required by Defendants.

**SIXTH DEFENSE**

The type of claims for which Plaintiffs purport to bring a collective action are matters on which individual issues predominate and are not appropriate for a collective action.

**SEVENTH DEFENSE**

Plaintiffs' claims, and the claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred, in whole or in part, because they cannot establish that any acts or omissions of Defendants were willful under the FLSA.

**EIGHTH DEFENSE**

Plaintiffs' claims, and the claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred to the extent that Defendants' actions have been taken in good faith, in conformity with, and reliance

upon established rulings, administrative regulations and interpretations of the FLSA, within the meaning of 29 U.S.C. § 259.

## NINTH DEFENSE

Plaintiffs' claims, and the claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred because Defendants' actions have been in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. § 260. Thus, even if Defendants are found to have violated the FLSA, neither Plaintiffs nor any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA are entitled to liquidated damages under the FLSA.

## TENTH DEFENSE

Even if the allegations contained in Plaintiffs' Complaint are true (which they are not), to the extent that the time for which Plaintiffs allege that they and any other person on whose behalf Plaintiffs seek to assert a claim that they have not been compensated involve only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable under the FLSA.

## ELEVENTH DEFENSE

Plaintiffs' claims under the FLSA are barred by application of the doctrine of payment. Plaintiffs, and all other persons on whose behalf Plaintiffs seek to assert a claim, have been paid all wages due.

## TWELFTH DEFENSE

Plaintiffs' claims for uncompensated work time are barred to the extent Defendants did not have actual or constructive knowledge that any such work was performed, nor did Defendants have any control over whether Plaintiffs or any putative collective members, performed such work.

## THIRTEENTH DEFENSE

The claims of Plaintiffs and any putative collective members for damages are barred in whole or in part by exclusions, exceptions, credits or offsets permissible under the FLSA, including but not limited to credits under 29 U.S.C. § 207(h).

## FOURTEENTH DEFENSE

Plaintiffs' claims that they and putative collective members did not take some or all of their unpaid meal periods precludes certification of a collective under 29 U.S.C. § 216(b) as the determination of when each employee did not take some or all of their unpaid breaks would be highly individualized and would predominate over any trial.

## FIFTEENTH DEFENSE

To the extent Plaintiffs or any putative class or collective member shortened a 30-minute meal period to 20 minutes or more, such meal period remains *bona fide* and non-compensable as such facts constitute "special conditions" under 29 C.F.R. § 785.19.

**SIXTEENTH DEFENSE**

Plaintiffs' claims, and the claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred because Defendant UAB Medicine Enterprise was not any Plaintiff or putative collective member's employer, was never a party to any employment relationship with the Plaintiffs or putative collective members, and never controlled their wages, hours, or working conditions. Defendant UAB Medicine Enterprise lacks knowledge and information related to the allegations of the Complaint.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims, and the claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred because of the doctrine of Eleventh Amendment sovereign immunity or derivative sovereign immunity to the extent that Defendants act as arms of the State of Alabama, which has not waived sovereign immunity with respect to FLSA claims.

Because Plaintiffs' Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved. In particular, Defendants reserve the right to assert affirmative defenses with respect to other laws if and to the extent Plaintiffs identify such laws.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor, that costs and reasonable attorneys' fees be awarded to them, and that Plaintiffs take nothing by way of their Complaint.

Respectfully submitted this 16th day of August, 2023.

/s/ *Lynlee Wells Palmer*
Lynlee Wells Palmer (ASB-4367-T82P)
Lynlee.Palmer@jacksonlewis.com
**JACKSON LEWIS P.C.**
Synovus Center
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama 35209
Phone:  205-332-3096
Facsimile:  205-332-3131

Eric R. Magnus (Admitted *Pro Hac Vice*)
Eric.Magnus@jacksonlewis.com
Andrew C. Salman (Admitted *Pro Hac Vice*)
Andrew.Salman@jacksonlewis.com
**JACKSON LEWIS P.C.**
171 17th Street, NW, Suite 1200
Atlanta, Georgia 30363
Phone: 404-525-8200
Facsimile:  404-525-1173

***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

      I hereby certify that on August 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

M. Clay Ragsdale, Esq.
Allison L. Riley, Esq.
**RAGSDALE, LLC**
517 Beacon Parkway West
Birmingham, AL  35209
Phone: (205) 290-6800
clay@ragsdalellc.com
allison@ragsdalellc.com

Camille Fundora Rodriguez, Esq.
Lane L. Vines, Esq.
**BERGER MONTAGUE, PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000
croadriguez@bm.net
lvines@bm.net

                                             */s/ Lynlee Wells Palmer*
                                             Attorney for Defendants

4885-8394-4568, v. 1