FILED
2024 Nov-22  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIELLE LARKIN and | ) | |
| MIA NEUSTEIN, individually and on | ) | |
| on behalf of all persons similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 2:23-cv-00142-AMM |
| | ) | |
| v. | ) | |
| | ) | |
| UAB MEDICINE ENTERPRISE | ) | |
| (f/k/a UAB HEALTH SYSTEM) and | ) | |
| UAB HOSPITAL MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF
## COLLECTIVE ACTION SETTLEMENT AND FOR
## ATTORNEYS' FEES AND REIMBURSEMENT
## OF LITIGATION EXPENSES

## <u>TABLE OF CONTENTS</u>

FACTUAL AND PROCEDURAL HISTORY ........................................................1

THE SETTLEMENT ........................................................................................3

ARGUMENT ......................................................................................................6

     A.    The Eleventh Circuit's One-Step Approval Process is Appropriate for
           FLSA Settlements.......................................................................6

     B.    The Settlement is Fair and Reasonable and Should be Approved ........7

     C.    The Request for Attorneys' Fees and Costs Should Be Approved .....10

     D.    General Releases for Non-FLSA Claims ...........................................14

CONCLUSION ..................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                              **Page(s)**

*Ajoloko v. Jamas Tech., Inc.*,
   No. 2:22-cv-00677-JHE, 2022 WL 4110901 (N.D. Ala. Sept. 8, 2022)..............13

*Beckman v. KeyBank, N.A.*,
   293 F.R.D. 467 (S.D.N.Y. 2013).....................................................................9, 10

*Calderone v. Scott*,
   838 F.3d 1101 (11th Cir. 2016)..............................................................................9

*Cotton v. Hinton*,
   559 F.2d 1326 (5th Cir. 1977)..............................................................................10

*Davis v. The Filta Grp., Inc.*,
   No. 6:10-cv-457-Orl-31KRS, 2010 WL 3958701 (M.D. Fla. Sept. 20, 2010)....13

*Fogg v. Over Mountain Sedan, LLC*,
   No. 2:16-cv-00699-JHE, 2017 WL 6347982 (N.D. Ala. Nov. 17, 2017)...........18

*Fox v. Tyson Foods, Inc.*,
   No. 4:06-cv-4676-VEH, 2009 WL 9541256 (N.D. Ala. Feb. 17, 2009) ............12

*Hens v. Clientlogic Operating Corp.*,
   No. 05-cv-381S, 2010 WL 5490833 (W.D.N.Y. Dec. 21, 2010) ........................11

*Hipp v. Liberty Nat'l Life Ins. Co.*,
   252 F.3d 1208 (11th Cir. 2001)..............................................................................8

*Hodges v. Osmose Utilities Servs., Inc.*,
   No. 3:21-cv-00041-TCB, 2024 WL 3914834 (N.D. Ga. Jan. 4, 2024)...............19

*Huff v. Bobcat N. Am., LLC*,
   No. 6:19-cv-861-ORL37DCI, 2021 WL 268356 (M.D. Fla. Jan. 25, 2021) .......19

*Kelly v. Aspire Physical Recovery at Hoover, LLC*,
   No. 2:17-cv-00961-JHE, 2018 WL 3186961 (N.D. Ala. June 28, 2018) ...........18

*Laney v. BBB Logistics, Inc.*,
   844 F. App'x 203 (11th Cir. 2021)......................................................................12

*Luker v. Wilcox Hosp. Bd.*,
   No. 14-cv-0043-WS-B, 2014 WL 3518386 (S.D. Ala. July 16, 2014)..................9

*Lynn's Food Stores, Inc. v. U.S.*,
   679 F.2d 1350 (11th Cir. 1982) ......................................................................9, 10

*McClinton v. Cogency Goblal, Inc.*,
   No. 2:20-cv-543-AMM, 2024 WL 1329777 (N.D. Ala. Mar. 27, 2024).............14

*McMurray v. Formel D*,
   No. 2:19-cv-548-AMM, 2022 WL 21712587 (N.D. Ala. Sept. 30, 2022) ... 12, 14

*Morrison v. Quality Transp. Servs., Inc.*,
   No. 05-cv-61757, 2007 WL 9700856 (S.D. Fla. July 5, 2007), *report and
   recommendation adopted*, 2007 WL 9700991 (S.D. Fla. July 24, 2007) ............12

*Parker v. Catches Rest., LLC*,
   No. 8:23-cv-758-JLB-JSS, 2024 WL 1077345 (M.D. Fla. Jan. 17, 2024) ..........21

*Plummer v. PJCF, LLC*,
   No. 2:15-cv-37-FtM-38CM, 2015 WL 5952426 (M.D. Fla. Oct. 13, 2015) ...8, 11

*Johnson v. NPAS Sols., LLC*,
   975 F.3d 1244 (11th Cir. 2020) ........................................................................20

*Shaffer v. Bridgeway Servs., LLC*,
   No. 2:20-cv-01361-JHE, 2022 WL 479411 (N.D. Ala. Feb. 16, 2022)..............13

*Spradlin v. Key Installation Servs., Inc.*,
   No. 3:23-cv-120-MMH-LLL, 2024 WL 3440132 (M.D. Fla. July 12, 2024) .....19

*Summers v. UAL Corp. ESOP Comm.*,
   No. 03-cv-1537, 2005 WL 3159450 (N.D. Ill. Nov. 22, 2005) ..........................11

*Thomas v. Port II Seafood & Oyster Bar, Inc.*,
   No. 16-cv-0115-WS-N, 2016 WL 5662032 (S.D. Ala. Sept. 29, 2016)..........8, 18

*Thompson v. Brookstone Bldg. Co., LLC*,
   No. 2:16-cv-00177-JHE, 2016 WL 3878500 (N.D. Ala. July 18, 2016).............10

*Tweedie v. Waste Pro of Fla., Inc.*,
   No. 8:19-cv-1827-TPB-AEP, 2021 WL 3500844 (M.D. Fla. May 4, 2021).......21

iii

*Vandergriff v. Olympia Mgmt. Inc.*,
   No. 4:18-cv-01635-ACA, 2019 WL 13227587 (N.D. Ala. July 22, 2019) .. 13, 14

**Statutes and Rules**

29 U.S.C. § 201 *et seq.*.............................................................................1, 2

Fed. R. Civ. P. 23 ..................................................................................8, 9

Plaintiffs Danielle Larkin and Mia Neustein (collectively, "Plaintiffs") respectfully move for approval of the collective action settlement that resolves all of the FLSA claims asserted in this wage and hour lawsuit against Defendants UAB Medicine Enterprise f/k/a UAB Health System and UAB Hospital Management, LLC ("Defendants" or "UAB"). Defendants do not oppose Plaintiffs' Motion.[1]

The proposed settlement satisfies the criteria for approval of a collective action settlement under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") because it resolves a *bona fide* dispute, was reached after contested litigation, and was the result of arm's-length settlement negotiations conducted by an experienced mediator. Plaintiffs respectfully request that the Court issue an order: (1) approving the collective action settlement and releases set forth in the Settlement Agreement; (2) approving attorneys' fees and costs; (3) approving Simpluris, Inc. as the Settlement Administrator; and (4) dismissing Settlement Collective Members' claims against Defendants with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

On February 6, 2023, Plaintiffs filed a collective action Complaint, on behalf of themselves and allegedly similarly situated non-exempt employees who

---

[1] Unless otherwise stated, all capitalized terms used herein are as defined in the Parties' Settlement Agreement and Release ("Settlement Agreement"), a copy of which is attached hereto as <u>Exhibit 1</u>. Also attached in support of this Motion as <u>Exhibit 2</u> is the Declaration of Lane L. Vines ("Vines ¶ __") and as <u>Exhibit 3</u> is the Declaration of M. Clay Ragsdale ("Ragsdale ¶ __"). A proposed form of Order is also submitted herewith.

performed nursing services for Defendants, for violation of the FLSA. (Dkt. 1). Plaintiffs allege that they were not paid for work performed during their unpaid meal breaks, as well as other off-the-clock time spent performing planning and preparation tasks essential to their work duties, and the resulting overtime premium for time worked in excess of 40 hours each workweek. Vines ¶ 6.

On April 10, 2023, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. (Dkt. 25). On June 30, 2023, Plaintiffs filed a Motion for Conditional Certification and to Facilitate Notice. (Dkt. 39), and the Parties filed extensive briefing on these issues. (Dkt. 29, 33, 49, 52); Vines ¶ 7. On August 2, 2023, the Court denied Defendants' Motion to Dismiss, (Dkt. 44), and on August 16, 2023, Defendants filed an Answer to Plaintiffs' Complaint. (Dkt. 47). By Order entered on December 11, 2023 (Dkt. 53), the Court granted Plaintiffs' Motion for Conditional Certification, and conditionally certified a Collective:

> All current and former non-exempt employees who worked more than 40 hours in a workweek and were paid by UAB Medicine Enterprise (f/k/a UAB Health System) and/or UAB Hospital Management, LLC (together, "Defendants") to perform nursing services for Defendants' patients in the United States between [date three years prior to Order granting Conditional Certification] and the present (the "Collective").

A total of four hundred fifty (450) individuals filed Opt-In Consent Forms to join this Action. (Dkt. 1, 37-40, 46, 58-70, 73-75); Vines ¶ 8.

Following the Court's Order on Plaintiffs' Motion for Conditional Certification, the Parties met and conferred and agreed to a stay of the Action to

engage in ADR following the opt-in notice. (Dkt. 71, 72). The Parties' pre-ADR process included substantive informal discovery, including Defendants' production to Plaintiffs' Counsel of time and pay records for the Collective Members, which Plaintiffs' Counsel reviewed and analyzed. Plaintiffs' Counsel also conducted detailed interviews of Plaintiffs and Opt-In Plaintiffs. Vines ¶ 9.

On July 17, 2024, following the pre-mediation ADR discovery period, the Parties engaged in a full day remote mediation before an experienced wage and hour mediator, Michael Russell, Esq., of Miles Mediation & Arbitration ("Mediator"). During mediation, the Parties engaged in further disclosures and negotiations concerning relevant facts and law. As a result of the arm's-length mediation process and with the assistance of the Mediator, the Parties concluded the mediation by agreeing on the total settlement amount for the claims of the Settlement Collective Members, exclusive of Plaintiffs' Counsel's attorneys' fees and reimbursement costs. (Dkt. 78); Vines ¶ 10. After reaching an agreement on the total settlement amount for the Settlement Collective Members on July 17, 2024, the Parties reached an agreement on Plaintiffs' Counsel's attorneys' fees and costs several months later, on October 30, 2024. (Dkt. 80, 82, 83, 85); Vines ¶ 11.

## THE SETTLEMENT

The Settlement Agreement provides for a total Gross Settlement Amount of $600,000.00 to be paid by Defendants. Vines ¶ 12. The amount recovered for the

Settlement Collective totals $297,000.00, less up to $6,000.00 for payment of costs for settlement administration by Simpluris, Inc. ("Simpluris" or "Settlement Administrator"), to be appointed by the Court under the terms of the Settlement Agreement. The net amount will be distributed *pro rata* to the members of the Settlement Collective based on their workweeks in excess of forty (40) hours, based on Defendants' records. Vines ¶ 13. First, each Settlement Collective Member will receive a minimum payment of $100.00. Second, Settlement Collective Members will receive a *pro rata* portion of the remaining Net Settlement Amount based on the number workweeks in which they worked more than forty (40) hours, calculated using actual workweek hours recorded in Defendants' records plus thirty (30) additional minutes per workweek. (Settlement Agreement ¶ 17). Vines ¶ 14.[2]

Simpluris, a third-party independent company chosen by the Parties will perform all notice and administration responsibilities assigned to the Settlement Administrator under the Agreement. (Settlement Agreement ¶ 11.N). Within thirty (30) days after the Court's Approval Order or as soon as practicable, the Settlement Administrator will distribute all Settlement Awards to each Settlement Collective

---

[2] Fifty percent (50%) of each Settlement Award shall be deemed payment of alleged unpaid wages, subject to all legally required garnishments, liens, wage withholding orders, regular withholding, and similar obligations, and reported on an IRS Form W-2. The remaining fifty percent (50%) of each Settlement Award shall be deemed compensation for interest and liquidated damages, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. (Settlement Agreement ¶ 19). Defendants are responsible for any employer side payroll taxes outside of the Gross Settlement Amount. (Settlement Agreement ¶ 18). Vines ¶ 15.

Member with an accompanying Notice of Collective Action Settlement, in a form substantially similar to Exhibit A attached to the Settlement Agreement.[3]

Each Settlement Collective Member who cashes their settlement check shall release and discharge the Releasees for all FLSA wage and hour claims asserted in the Action against Defendants and related persons, including, without limitation, all overtime and liquidated damages under the FLSA for the time period from the earlier of the three years prior to the filing of their Opt-In Consent Form though the date of execution of the Agreement. (Settlement Agreement ¶¶ 11.M, 25); Vines ¶ 16-17.

A payment of $1,500.00 will be paid to each of Plaintiffs Danielle Larkin and Mia Neustein in exchange for their agreement to a separate General Release, based on a release from Plaintiffs to UAB that covers the employment and the cessation of employment by those persons with UAB. The releases cover any conduct that would relate to Plaintiffs' employment with UAB, such as unpaid additional breaks and unpaid gap time, that would not be covered by the FLSA claims and releases in this litigation. Vines ¶ 18. These releases are reasonable in scope and amount, and do not affect the overall reasonableness of the Settlement.

---

[3] Among other things, the Notice will explain that Settlement Checks must be cashed during the 180-day Acceptance Period. When 90 days of that 180-day check-cashing period has expired, the Settlement Administrator will mail and email a reminder letter to any Settlement Collective Members who have not yet cashed their checks to inform them of the 180-day deadline. Funds from Settlement Checks that are not deposited or cashed within the 180-day Acceptance Period, will revert to the Defendants. (Settlement Agreement ¶¶ 21, 22); Vines ¶ 16.

Pursuant to the Settlement Agreement, and in accord with the provisions of the FLSA, the Parties separately negotiated a $300,000.00 payment to Plaintiffs' Counsel for attorneys' fees and reimbursement of litigation expenses. This amount was negotiated months after the Parties agreed on the settlement for the claims of the Settlement Collective. This payment will compensate Plaintiffs' Counsel for all work performed in this lawsuit as well as all expenses incurred. As demonstrated below, this payment is well below Plaintiffs' Counsel's lodestar and expenses incurred to date, let alone the additional lodestar and expenses that will be incurred to bring this litigation to a final conclusion. Vines ¶ 5.

## <u>ARGUMENT</u>

Plaintiffs respectfully request that the Court enter the accompanying proposed order approving the Settlement of this Action because the Settlement is fair and reasonable, was negotiated at arm's length through the use of an experienced neutral Mediator, and provides a substantial benefit to the Settlement Collective Members.

### A. The Eleventh Circuit's One-Step Approval Process is Appropriate for FLSA Settlements

In the Eleventh Circuit, and throughout the country, a one-step approval process is appropriate in FLSA settlements that do not include Rule 23 classes. *See, e.g.*, *Thomas v. Port II Seafood & Oyster Bar, Inc.*, No. 16-cv-0115-WS-N, 2016 WL 5662032, at *2 (S.D. Ala. Sept. 29, 2016). Unlike in a federal Rule 23 class action, collective actions under Section 216(b) of the FLSA do not implicate the

same due process concerns, as Section 216(b) of the FLSA requires workers to affirmatively opt-in. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001). As such, courts do not apply the exacting standards for approval of a class action settlement under Rule 23 to FLSA settlements. *See, e.g., Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013); *accord Calderone v. Scott*, 838 F.3d 1101, 1103-1104 (11th Cir. 2016); *Calderone*, 838 F.3d at 1104 (no need to require that the settlement provide for opt-outs or objections where individuals are not part of the settlement unless they decide to participate in it).

**B.    The Settlement is Fair and Reasonable and Should be Approved**

Courts approve wage and hour settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See, e.g., Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Davis v. JP Sports Collectibles Inc.*, No. 2:16-cv-154-FtM-CM, 2016 WL 7474571, at *1 (M.D. Fla. Dec. 29, 2016); *Luker v. Wilcox Hosp. Bd.*, No. 14-cv-0043-WS-B, 2014 WL 3518386, at *2 (S.D. Ala. July 16, 2014). If a proposed settlement reflects a reasonable compromise over contested issues, the court should approve it. *Lynn's Food Stores*, 679 F.2d at 1354. *Accord Beckman v. KeyBank, N.A.*, 293 F.R.D. at 476 ("courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement"); *Thompson v. Brookstone Bldg. Co., LLC*, No. 2:16-cv-00177-JHE, 2016 WL 3878500, at *2 (N.D. Ala. July 18, 2016) ("In reviewing the terms of a

proposed settlement, there is a strong presumption in favor of finding it is fair.")
(quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

<u>First</u>, the Settlement in this case meets the standard for approval. The
Settlement was the result of years of litigation, Plaintiffs' substantial investigation,
factual discovery, the review and analysis of documents related to UAB employment
and timekeeping policies as well as UAB's timekeeping records, the Parties' arm's-
length negotiations, and the work of a respected Mediator who has much experience
in mediating FLSA collective actions. Settlement Collective Members will receive
a payment, based on an analysis of weeks worked for UAB during the relevant time
period, that pays them overtime for allegedly missed meal breaks in time periods
where they worked in excess of forty (40) hours. These amounts represent real and
substantial payments for these hourly nursing personnel, and these recoveries can be
provided to Settlement Collective Members promptly upon approval by the Court.

<u>Second</u>, the stage of the proceedings and the amount of informal discovery
completed support approval. This Settlement was carefully negotiated based on a
substantial investigation by Plaintiffs' Counsel and the review and analysis of policy
and payroll documents produced by Defendants and documents procured through
Plaintiffs' extensive investigation. Plaintiffs' Counsel believes the evidence
obtained, and additional evidence that would be obtained if litigation continued,
strongly supports a finding of liability against Defendants for non-payment of

overtime compensation. Plaintiffs' Counsel also believes there is strong evidence supporting Plaintiffs' joint employer allegations against the UAB Defendants. *See* Dkt. 29, 39, 44, 52, 53.

Third, the proposed Settlement is also reasonable as it reflects a reasonable proportion of disputed damages owed to the Settlement Collective Members based on the number of their workweeks at UAB over forty (40) hours, essentially providing each with an additional meal break, which is a reasonable approximation of each Settlement Collective Member's damages, given the evidence that those workers should have been compensated for an additional meal break during each workweek. *See* Settlement Agreement ¶ 17; *see also Plummer*, 2015 WL 5952426, at *2 (approving *pro rata* allocation plan); *Summers v. UAL Corp. ESOP Comm.*, No. 03-cv-1537, 2005 WL 3159450, at *2 (N.D. Ill. Nov. 22, 2005) (approving allocation plan as reasonable when "settlement funds … will be disbursed on a pro rata basis"); *see also Hens v. Clientlogic Operating Corp.*, No. 05-cv-381S, 2010 WL 5490833, at *2 (W.D.N.Y. Dec. 21, 2010) (allocation formula based on plaintiffs' length of service was equitable and reasonable). The recovery represents both unpaid wages and liquidated damages in equal amounts, Settlement Agreement ¶ 19. *Accord McMurray v. Formel D*, No. 2:19-cv-548-AMM, 2022 WL 21712587, at *4 (N.D. Ala. Sept. 30, 2022) (finding settlement provides "compensation for both for lost wages and as liquidated damages in equal amounts … adjusted by a discount

factor … [and] reflects a reasonable compromise of the Plaintiffs' FLSA claims and the parties' legitimate dispute as to the extent to which the Plaintiffs are due relief").[4]

For these reasons, the Settlement is fair and equitable, and warrants approval.

## C.    The Request for Attorneys' Fees and Costs Should Be Approved

Plaintiffs request attorneys' fees and reimbursement of litigation expenses in the amount of $300,000.00. The requested amount is fair and reasonable.

Under the FLSA, Plaintiffs' Counsel are entitled to reasonable attorneys' fees and reimbursement of litigation expenses to compensate them for their work in recovering unpaid wages under the FLSA. *See Laney v. BBB Logistics, Inc.*, 844 F. App'x 203, 207 (11th Cir. 2021) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs."). "[P]roportionality between fees and damages is not required." *Morrison v. Quality Transp. Servs., Inc.*, No. 05-cv-61757, 2007 WL 9700856, at *9 (S.D. Fla. July 5, 2007), *report and recommendation adopted*, 2007 WL 9700991 (S.D. Fla. July 24, 2007) (citing cases). "the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees

---

[4] Plaintiffs calculated the Settlement Collective's overtime damages for one missed meal break weekly as being $269,750, or $539,500 on a liquidated basis. The Settlement provides the Settlement Collective with a gross recovery of $297,000, which represents more than full overtime damages and 55% of the liquidated damages. Plaintiffs' Counsel believes that discount is reasonable and that the recovery in the circumstances is a very good result, especially where the recovery is made pre-trial and prior to engaging in full and costly discovery.

paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Ajoloko v. Jamas Tech., Inc.*, No. 2:22-cv-00677-JHE, 2022 WL 4110901, at *3 (N.D. Ala. Sept. 8, 2022). *Accord Shaffer v. Bridgeway Servs., LLC*, No. 2:20-cv-01361-JHE, 2022 WL 479411, at *3 (N.D. Ala. Feb. 16, 2022); *Vandergriff v. Olympia Mgmt. Inc.*, No. 4:18-cv-01635-ACA, 2019 WL 13227587, at *4 (N.D. Ala. July 22, 2019).

Here, consistent with the holding of *Lynn's Food Stores*, the Parties' Counsel agreed upon the amount of FLSA overtime and liquidated damages to be paid to the Settlement Collective prior to discussing attorneys' fees. *See supra*; Vines ¶¶ 10-11. Accordingly, the recovery of the Settlement Collective was not affected by the amount of fees and costs to be paid to Plaintiffs' Counsel. *Id.* The Court thus need not separately consider the reasonableness of the amount allocated to attorney fees.

Nevertheless, the following demonstrates the reasonableness of the request. "'[A] reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *McMurray v. Formel D*, No. 2:19-cv-548-AMM, 2022 WL 21712587, at *8 (N.D. Ala. Sept. 30, 2022). "'The product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve.'" *Id.* "'A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" *McClinton v.*

*Cogency Glob., Inc.*, No. 2:20-cv-543-AMM, 2024 WL 1329777, at *19-20 (N.D. Ala. Mar. 27, 2024), *appeal pending*, No. 24-11261 (11th Cir. Apr. 24, 2024) ("reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done.")[5]

Plaintiffs' Counsel spent significant time and resources reaching this Settlement. As of November 5, 2024, Berger Montague PC ("BMPC") had expended 1,244.7 hours for a lodestar of $817,230.50 (Vines ¶ 20), and Ragsdale LLC expended 28.3 hours for a lodestar of $12,029.00 (Ragsdale ¶ 6). Their combined lodestar based on current rates is $829,259.50 with litigation expenses of $14,384.22 (Vines ¶ 30), totaling $843,643.72.[6] That lodestar does not account for the additional

---

[5] In *McClinton*, plaintiffs' counsel submitted affidavits of attorneys practicing in the state of Alabama as plaintiffs' employment lawyers. "Three of them declared that the "prevailing hourly rates for lawyers handling plaintiff's employment cases range from $375 an hour to $650 per hour depending on the skill of the litigator." 2024 WL 1329777, at *20 ("One declared that the prevailing hourly rates ranged from $350 to $650. Another declared that the range was $300 to $650. The last declared that the range was $325 to $850.") (citations omitted).

[6] The work performed encompasses: (a) case investigation and research; (b) case planning throughout litigation; (c) preparing complaint and service waivers; (d) intake and interviews of nursing personnel, as well document collection and analysis; (e) Rule 26(f) conference and report; (f) opposing Defendants' case dispositive motion to dismiss; (g) Plaintiffs' motion for conditional certification; (h) issuance of collective notice and interviewing opt-in plaintiffs; (i) administration of opt in process and related filings; (j) preparing written discovery; (k) ADR discussions, preparing mediation statement, and draft memorandum of understanding; (l) attending mediation and direct negotiations with counsel for Defendants; and (m) preparing the Settlement Agreement and related moving papers for Court approval. All of the above work was deemed to be reasonable and necessary to the successful prosecution and settlement of this litigation.

costs and lodestar that will be expended in settlement approval and administration.[7]

Moreover, in order to remove any doubt as to the reasonableness of the fee request, Plaintiffs' Counsel has provided the Court (in the Vines Declaration) with a further analysis using two sets of hypothetical billing rates, far below their current usual and customary rates charged for each professional who worked on this case. Vines ¶ 23.[8] Using those reduced hypothetical rates only for BMPC would still yield a lodestar in excess of the requested fees and costs, which would then not even be considering either the additional $14,384.22 of out-of-pocket litigation expenses incurred (Vines ¶¶ 27-30) or the $12,029.00 lodestar of Ragsdale LLC (as detailed in the Ragsdale Declaration). Thus, even under the hypothetical rates, Plaintiffs' request for attorneys' fees and costs is far below the lodestar and costs incurred.

Here, Plaintiffs' Counsel assumed a very real risk in taking this contingent fee case, and was prepared to invest time, effort, and money with no guarantee of recovery. Plaintiffs' request is well below the lodestar and costs incurred, were separately negotiated and agreed to be paid by UAB only *after* the recovery of the Settlement Collective was determined, and does not decrease the recovery of the Settlement Collective. Vines ¶ 5. This request is reasonable and should be approved.

---

[7] In exercising billing judgment, BMPC personnel who worked less than ten (10) hours on this litigation were excluded from the above lodestar, amounting to $12,938.00. Vines ¶ 21.

[8] One hypothetical uses attorney rates at $400-$500/hr., with paralegals at $250/hr., and legal assistants at $150/hr. The other uses attorney rates at $300-$400/hr., with paralegals at $200/hr., and legal assistants at $100/hr.

### D.    General Releases for Non-FLSA Claims

For transparency, Plaintiffs and UAB have also entered into General Release Agreements, which release employment related claims not covered by the FLSA, are reasonable in scope, and do not affect the reasonableness of the Settlement. *Accord Huff v. Bobcat N. Am., LLC*, No. 6:19-cv-861-ORL37DCI, 2021 WL 268356, at *4 (M.D. Fla. Jan. 25, 2021), *report and recommendation adopted*, 2021 WL 268355 (M.D. Fla. Jan. 27, 2021) ($10,000 payment: "parties may enter into a general release for separate consideration" and Court need "not pass on the validity of the separate release" but find only that it does not affect fairness of settlement).

General release agreements are reasonable where the release is limited to claims "that were alleged in the [l]awsuit or arise out of the same nucleus of operative facts" and are "sufficiently limited so that it does not affect the overall fairness and reasonableness of the settlement agreement." *Spradlin v. Key Installation Servs., Inc.*, No. 3:23-cv-120-MMH-LLL, 2024 WL 3440132, at *2-3 (M.D. Fla. July 12, 2024), *report and recommendation adopted*, 2024 WL 3443874 (M.D. Fla. July 17, 2024).[9] Here, the General Release Agreements for Plaintiffs Larkin and Neustein (attached hereto as <u>Exhibit 4</u> and <u>Exhibit 5</u>, respectively) are

---

[9] *Accord, e.g.*, *Hodges v. Osmose Utilities Servs., Inc.*, No. 3:21-cv-00041-TCB, 2024 WL 3914834, at *4 (N.D. Ga. Jan. 4, 2024) ($10,000 general release payment). *Cf. McMurray v. Formel D*, 2022 WL 21712587, at *5 (disallowing general release agreement where plaintiff did not submit executed agreement to allow court to review for reasonableness).

14

reasonable in amount and scope, and do not impact the overall fairness of the Settlement. Those agreements only release potential claims that would arise from each of the Plaintiffs' employment relationship with UAB but are not covered by the Settlement or the FLSA claims alleged, and provide only a modest cash payment to the named Plaintiffs in exchange for the releases given.

Notwithstanding the general releases at issue here, Plaintiffs are mindful of the Eleventh Circuit's holding in *Johnson v. NPAS Sols., LLC*, where the court invalidated a proposed service award in a class action. *See* 975 F.3d 1244, 1255-61 (11th Cir. 2020). However, the additional compensation to be provided to the Plaintiffs here are not service awards and are not based on the initiation or prosecution of this FLSA collective action, but are global peace liability releases by Plaintiffs in favor of Defendants. The General Release agreements confer benefits to each party and are distinguishable from issues considered in *Johnson*.[10]

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and enter the proposed form of Order.

---

[10] Other courts have also distinguished *Johnson* in finding additional consideration is warranted for a plaintiff who seek to release additional claims. *See, e.g., Tweedie v. Waste Pro of Fla., Inc.*, No. 8:19-cv-1827-TPB-AEP, 2021 WL 3500844, at *6 (M.D. Fla. May 4, 2021), *report and recommendation adopted*, 2021 WL 3418197 (M.D. Fla. Aug. 5, 2021) (approving $7,500 general release payment). Indeed, "if a plaintiff is given compensation in addition to that which she is entitled under the FLSA, then general releases can be permissible." *Parker v. Catches Rest., LLC*, No. 8:23-cv-758-JLB-JSS, 2024 WL 1077345, at *3 (M.D. Fla. Jan. 17, 2024), *report and recommendation adopted*, 2024 WL 1075337 (M.D. Fla. Mar. 12, 2024) (citing cases).

Dated: November 22, 2024                    Respectfully submitted,

                                            */s/ Lane L. Vines*
                                            Camille Fundora Rodriguez
                                            Lane L. Vines
                                            Olivia S. Lanctot
                                            BERGER MONTAGUE PC
                                            1818 Market Street, Suite 3600
                                            Philadelphia, PA 19103
                                            Tel.: (215) 875-3000
                                            crodriguez@bm.net
                                            lvines@bm.net
                                            olanctot@bm.net

                                            M. Clay Ragsdale (ASB-0594-E28M)
                                            Allison L. Riley (ASB-0308-A62R)
                                            RAGSDALE LLC
                                            517 Beacon Parkway W.
                                            Birmingham, AL 35209
                                            Tel.: (205) 290-6800
                                            clay@ragsdalellc.com
                                            allison@ragsdalellc.com

                                            *Attorneys for Plaintiffs and the*
                                            *Proposed Collective*

## **CERTIFICATE OF SERVICE**

I certify that on November 22, 2024, I caused the foregoing document to be served on all counsel of record via the Court's electronic filing system.

/s/ *Lane L. Vines*
Lane L. Vines